UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

              Plaintiff,

-against-

LISA SMITH; KENNETH KARAS; MICHAEL CATANIA, TARHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM PLLC; LARA KASPER-BUCHAREFF, LEGAL SERVICE OF THE HUDSON VALLEY,

              Defendants.

20-CV-7971 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated her rights by obstructing her access to the court and committing fraud on the court. By order dated October 7, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

  The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

  Plaintiff brings this complaint under 42 U.S.C. § 1983, challenging the actions of Judge Kenneth M. Karas and Magistrate Judge Lisa M. Smith in a prior action in this Court, *Lewis v. Newburgh Hous. Auth.*, ECF 7:11-CV-3194 (S.D.N.Y. Nov. 5, 2018) (*Lewis I*). As well as naming Judge Karas and Magistrate Judge Smith as defendants, she also sues defense counsel

Michael Catania of the law firm Catania Mahon & Rider PLCC,[1] and her former counsel Lisa Kasper-Buchareff of the Legal Services of the Hudson Valley.

In *Lewis I*, on October 7, 2011, Judge Karas issued a stipulated protective order that governed the designation and handling of confidential documents and information produced in discovery. *See* ECF 7:11-CV-3194, 13. Shortly after, on October 18, 2011, the parties consented to the exercise of jurisdiction by Magistrate Judge Smith. *See id.* (ECF No. 14). On October 10, 2017, after conducting a competency hearing under Rule 17 of the Federal Rules of Civil Procedures, Magistrate Judge Smith determined that Plaintiff was not competent to represent herself in that action, finding that Plaintiff's "mental health issues have impeded her ability to progress with her case," and "that progress in [the] litigation has been, and will continue to be stymied by Plaintiff's erratic behavior." *Id.* (ECF No. 153, at 16-17). Magistrate Judge Smith then appointed Plaintiff's brother, Lenny Lewis, to serve as Plaintiff's guardian *ad litem*. (*Id.*) On December 19, 2017, attorney Amy Jane Agnew filed a notice of appearance as *pro bono* counsel for the guardian *ad litem*. But on March 9, 2018, the Court granted Lenny Lewis's request to be relieved as guardian *ad litem* and granted Agnew 60 days in which to secure a replacement guardian *ad litem* pursuant to an Article 81 proceeding that she had filed in state court. On April 19, 2018, Agnew informed the Court by letter that she had withdrawn the Article 81 state-court petition because "it was determined that [Plaintiff] will remain non-compliant and unprepared to participate." *Id*. (ECF No. 179). Agnew also stated in the letter that she and her colleague, Mishael Pine, were "more than willing to withdraw from the instant litigation, as there is nothing more to be done until Ms. Lewis finds an appropriate guardian *ad litem*." *Id*.

---

[1] Plaintiff incorrectly identifies Defendant Catania's law firm as "Takis, Catania, Liberth, Mahon & Milligram PLLC." (ECF No. 2, at 1.)

On May 14, 2018, Plaintiff filed a motion to recuse Magistrate Judge Smith from the case, accusing her of violating the October 7, 2011 protective order, and gaining consent over the case though fraud. *See id*. (ECF No. 184). On May 18, 2018, Magistrate Judge Smith determined that there was no basis to recuse herself, finding that she had not violated the protective order and that Kasper-Buchareff – as Plaintiff's counsel at the time – had properly signed the consent form. *See id*. (ECF No. 187).

On October 2, 2018, upon reconsideration of Plaintiff's competency, Magistrate Judge Smith again found that Plaintiff's recent "erratic behavior," which included multiple "vitriolic" voicemail messages to the Court, "reinforces the Court's view that Plaintiff remains incapable of advancing her own interests in this litigation." *Id*. (ECF No. 201, at 18). Judge Smith reaffirmed her prior determination under Rule 17(c) that "Plaintiff is not legally competent to proceed without the appointment of a [guardian *ad litem*]." *Id*. at 21. By order dated November 5, 2018, Judge Smith dismissed the action without prejudice, but held that if Plaintiff were deemed competent by a federal court or if she were able to obtain a new guardian *ad litem*, she could move to reopen the action. *Id.* at ECF No. 202.

Plaintiff filed a notice of appeal (ECF No. 203). By Mandate dated March 25, 2019, the United States Court of Appeals for the Second Circuit acknowledged its previous leave-to-file sanction against Plaintiff in *Lewis v. Cnty. of Orange*, No. 16-4017 (2d Cir. May 18, 2018), and denied Plaintiff's motion for leave to file an appeal because the appeal did not depart from her "prior pattern of vexatious filings." (ECF No. 204).

Plaintiff has since filed in *Lewis I*: a motion for reconsideration (ECF No. 205), a letter informing the Court that she was found competent in 2015, (before Judge Smith held the competency proceeding) (ECF No. 208), a motion for a new trial (ECF No. 209), and a letter

4

regarding the Court's failure to rule on her motion (ECF No. 210). By order dated March 6, 2020 (ECF No. 211), Judge Smith found that her September 29, 2017 determination that Plaintiff was not competent to represent herself had not changed, and that Plaintiff was therefore not permitted to file motions on her own behalf. On this basis, she denied Plaintiff's motion.

Despite Judge Smith's rulings, Plaintiff has continued to file civil actions that have been dismissed without prejudice because she is incompetent; the Second Circuit Court of Appeals has denied her motions for leave to appeal because the appeals did not depart from her "prior pattern of vexatious filings." *See e.g., Lewis v. United States*, ECF 1:19-CV-11504, 2 (S.D.N.Y. Dec. 23, 2019), *appeal denied*, No. 20-0096 (2d Cir. Apr. 8, 2020); *Lewis v. Ditomasso*, ECF 1:19-CV-10665, 4 (S.D.N.Y. Dec. 6, 2019), *appeal denied*, No. 19-4352 (2d Cir. Apr. 8, 2020); *Lewis v. United States*, ECF 1:19-CV-0839, 2 (S.D.N.Y. Feb. 1, 2019), *Lewis v. Miller*, ECF 1:18-CV-10324, 3 (S.D.N.Y. Nov. 15, 2018); *Lewis v. Cnty. of Orange*, ECF 1:18-CV-9038, 2(S.D.N.Y. Oct. 30, 2018). Most recently, Plaintiff filed an action against Judge Karas challenging the validity of the October 18, 2011 Consent to Jurisdiction by a United States Magistrate Judge, asserting that Judge Karas committed fraud because she did not consent to the exercise of jurisdiction by Magistrate Judge Smith. *See Lewis v. Karas*, ECF 1:20-CV-7532, 1 (S.D.N.Y. Oct. 6, 2020). On October 6, 2020, the Court dismissed the case under the doctrine of absolute judicial immunity and as frivolous. *See* ECF 1:20-CV-7532, 6.

Plaintiff now brings this action taking issue with the language in Judge Karas's October 7, 2011 protective order in *Lewis I*, which stated that "[t]he provisions of this Protective Order shall survive after termination of this action." (ECF No. 2, at 1.) She does not specify why she is objecting to the language. In addition, Plaintiff again challenges the validity of the October 18, 2011 Consent to Jurisdiction by a United States Magistrate Judge. She asserts that because

Defendants committed fraud and obstructed her access to the court, all orders and the judgment in *Lewis I* are voided.

## DISCUSSION

Federal courts are relieved of their duty to exercise jurisdiction over constitutional questions when the claim asserted is deemed "so attenuated and unsubstantial as to be absolutely devoid of merit, . . . obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Anderson v. Bowen*, 881 F.2d 1, 5 n. 10 (2d Cir.1989) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)) (internal quotaion marks omitted). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Here, Plaintiff's complaint is frivolous. The complaint is another attempt to rehash her contentions concerning the validity of Magistrate Judge Smith's jurisdiction over *Lewis I*. She has previously submitted these arguments in several motions in *Lewis I* – notably the May 14, 2018 motion to recuse, ECF 7:11-CV-3194, 184 – and her most recent case against Judge Karas, ECF 1:20-CV-7532, 1. Because the issues were previously presented to the Court and ruled on, Plaintiff could not have reasonably expected to successfully relitigate these issues. Plaintiff's assertions are no longer open to discussion, and therefore, her complaint must be dismissed as frivolous.

Because the Court dismisses this action as frivolous and not on the merits, it need not address the issue of Plaintiff's competency. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (dismissal of an IFP complaint on ground of frivolousness is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute). While these claims are frivolous, in an abundance of caution, the Court dismisses them without prejudice. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009) (courts should dismiss without prejudice claims of incompetent persons who appear without a guardian *ad litem* or counsel). Should Plaintiff file an action that is not frivolous or otherwise meritless on its face, the Court will revisit the issue of Plaintiff's competency.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 14, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge